## Niehoff License

*John S. Speicher*, for applicant.

*John D. Glase* and *Richard T. Williamson*, amici curiæ.

HESS, J., August 21, 1956.—Paul W. Niehoff has been the holder of a license as a private detective under appointment by this court since November 9, 1944. Periodically, as his term of appointment expired, he has been reappointed by the court, his last term of office having expired on April 23, 1956. He filed a petition for reappointment on November 10, 1955. The district attorney, in compliance with the Private Detective Act of August 21, 1953, P. L. 1273, on December 30, 1955, filed a report setting forth certain matters which in his opinion warranted investigation and consideration prior to any action being taken by the court on the application. A new district attorney took office on the first Monday of January, 1956, who apparently did not concur in the report filed by his predecessor. Under the circumstances, the court requested the Pennsylvania State Police to make a complete investigation of the matters set forth in the report of the district attorney and of applicant generally. A full and comprehensive report was filed by the State Police and, thereafter, the court appointed Richard T. Williamson, Esq., and John D. Glase, Esq., members of the Berks County bar, as friends of the court to review the report of the State Police and conduct examination of witnesses at such hearings as might be necessary. Several hearings were held and more than 200 pages of testimony have been transcribed.

The first question relates to alleged formal defects in the application for renewal of the license. Some have been corrected and others are not needed by reason of the fact that they were filed by applicant with prior applications. It was also alleged that costs im-

posed upon applicant by the grand jury in two cases ignored by that body have not been paid. The allegation was correct, but the costs have since been paid and applicant has explained that payment was delayed upon the advice of his attorney who was considering asking leave of the court to resubmit the bills of indictment to another grand jury.

The remaining question relates to matters of alleged misconduct during applicant's tenure in office. Approximately 12 witnesses who had been parties involved in various investigations conducted by applicant testified to alleged irregular acts of applicant committed during the course of investigations or after the witnesses were arrested. In some cases, certain of these witnesses were discredited by court records and the testimony of the Chief Probation Officer of Berks County. In all cases, applicant denied the charges and in some instances he was corroborated by witnesses called in his behalf. Several prominent members of the Berks County bar and a representative of industry testified to the able manner in which applicant performed his services. All of the witnesses who testified to alleged acts of misconduct were in a real sense interested witnesses, as was applicant, by reason of the fact that they were subjects of applicant's investigation and were arrested as a result of his investigations. We will not discuss the matters we find unsupported by the credible evidence, but will consider those issues wherein we find that applicant may have erred.

In connection with an adultery investigation, certain warrants were served in Lehigh County by a constable of that county in the presence or with the assistance of applicant. Applicant is alleged to have struck one of the individuals with his fist, but he contends he used a flashlight when the persons in question were leaving the scene of the arrest and failing to

remain in custody. Various arrests against the individuals concerned, including applicant, followed in both Berks and Lehigh counties. If the charges against applicant had resulted in a conviction, the court, without hesitation, would have refused to reissue the license. All parties, however, withdrew their various charges. It is our opinion that applicant can well be criticized for some of his actions. He is not a police officer or a constable and has no right, not possessed by an ordinary citizen, to make an arrest: In re Licensed Detectives, 39 Berks 270, 60 D. & C. 544. While the Act of May 23, 1887, P. L. 173, sec. 3, empowered private detectives to serve warrants in criminal cases, that act has been repealed by the Private Detective Act of August 21, 1953, P. L. 1273, sec. 21. Private detectives no longer have any authority to serve warrants, and the court strongly disapproves of their being in any way connected with the service of warrants or the actual arrest of individuals charged with crime. The function of these detectives is to make investigations for hire as set forth in sections 2 and 3 of the Private Detective Act of 1953, supra. They should not be concerned with the outcome of cases investigated by them and in no respect should have anything to do with settlements, compromises or prosecutions except as witnesses who are called upon to testify to facts learned from their investigations.

There was no reason or excuse for applicant to use his fist or a flashlight in connection with the matter we previously mentioned. It would appear, however, that all parties concerned, to some extent, acted foolishly and improperly. The parties have seen fit to adjust their differences and withdraw all prosecutions, and we do not consider this incident sufficient to warrant our refusal to renew a license to an individual who has held such license for 12 years and has gained

the confidence of the lawyers who testified in his behalf.

A further incident relates to a car that was seized and towed away from a public highway during the course of an investigation, apparently without legal right or justification. The facts as developed in the record concerning this incident are not too clear, but we conclude from what is before us that in having any part in the incident applicant went beyond the bounds of what the court would expect of one of its officers or appointees. We highly condemn applicant's part in this affair, but again we do not consider it of such magnitude as to warrant a severe penalty such as would be invoked by our refusal to reissue a license.

On the record of the testimony culminating from the investigation made at the request of the court, we conclude that for such derelictions of duty or acts of misconduct established by the fair weight of the testimony as set forth in this opinion, applicant has been reprimanded sufficiently by having been without his license as a private detective and his means of earning a livelihood since April 23, 1956. The court is satisfied to reissue the license with the admonition that we expect that applicant, and such other individuals who hold similar appointments, will comply fully with what has been set forth in this opinion, as well as with the provisions of the Private Detective Act of 1953, supra.

We desire to express our appreciation and gratitude to the officers of the Pennsylvania State Police and to the attorneys who served as the friends of the court for the able and efficient manner in which they rendered their services in this proceeding.

And now, to wit, August 21, 1956 it is ordered and decreed that the license of Paul W. Niehoff as a private detective be renewed upon his filing the required bond and taking such other steps as are required under the provisions of the Private Detective Act of 1953.